CUTLER *versus* EVERETT.

To support an action upon a written agreement to pay the debt of another, a consideration for the contract must be proved.

From an agreement on a separate paper, to be responsible for the payment of a note, though of the same date, described as having been given by a third person, no inference of a consideration is to be drawn.

ON EXCEPTIONS from the District Court, COLE, J.

ASSUMPSIT.

The plaintiff was indorsee of a note against a third person. The defendant gave to the plaintiff a memorandum, under his signature, and of the same date with the note, as follows ; —

" I will be responsible to N. Cutler to pay a note ;" [describing the note aforesaid,] " my responsibility the same as if I signed the note, and will not require notice of its non-payment."

This action is brought upon that memorandum.

The plaintiff having introduced the memorandum together with the note, which was unpaid, rested his case. The defendant requested a nonsuit, on the ground that there was no consideration for the memorandum.

The Judge directed a verdict for the plaintiff.

*Webster,* for the defendant.

The memorandum recognizes the note as one then in existence. It was then but a collateral agreement to pay the debt of a third person. The plaintiff is therefore bound to prove a consideration. *Tenney* v. *Prince,* 4 Pick. 385 ; *Ware* v. *Adams,* 24 Maine, 177.

*J. L. Cutler,* for the plaintiff.

1. The writing is an agreement to pay a definite sum in a definite time without contingency, and is a promissory note.

Bailey on Bills, 33, 2d Amer. ed. ; *Townsend, executrix,* v. *Derby,* 3 Metc. 363 ; D. 8 Mod. 364 ; *Manrow* v. *Durham,* 3 Hill, 584.

2. If not a note of itself it is a guaranty of a note, and so need not express value. *Manrow* v. *Durham,* before cited.

3. The writing is of the same date with the note. The law presumes it to be a part of the same transaction.

4. No reason is perceived why the consideration should not be presumed in any and every agreement, as in promissory notes.

The reasoning, by which the Court came to the conclusion that consideration need not be expressed in writing, also sustains the position that it need not be proved. *Packard* v. *Richardson,* 17 Mass. 122.

5. A consideration appears from the instrument. The cause, moving to a consideration, need not be mentioned as the consideration. It is enough, if from the whole instrument, it appears, that there is a consideration. *Allen* v. *Jaquish,* 21 Wend. 628.

SHEPLEY, C. J., orally. — The promise declared upon is to pay the debt of another person, and no consideration can be inferred from the papers in the case ; and none was proved. The exceptions are therefore sustained, and a new trial is granted.